UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br>PAULA ANDREWS,<br>　　　　　　Defendant. | Case No. 3:93-cr-00075-HDM<br>Case No. 3:17-cv-00158-HDM<br><br>ORDER |

Before the court is the defendant Paula Andrews' ("Andrews") amended motion to vacate pursuant to 28 U.S.C. § 2255. (ECF Nos. 214 & 217). The government has responded (ECF Nos. 215 & 218), and Andrews has replied (ECF No. 234).

**I. Factual Background**

On August 22, 1993, Andrews opened fire on a car, killing Steven Williams and injuring Matt John and James Thomas. During the same altercation, Andrews' brother, co-defendant Ivan Andrews ("Ivan Andrews"), shot and killed Benjamin Lowery. Andrews and her brother were arrested and charged with two counts of first-degree murder and aiding and abetting in violation of 18 U.S.C. §§ 1111, 1151 and 1153, two counts of attempted murder and aiding and abetting, and four counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).

1

At trial, a jury found Andrews guilty of one count of second-degree murder for the murder of Williams, one count of aiding and abetting in second-degree murder for the murder of Lowery, two counts of attempted voluntary manslaughter, and all four firearms charges.[1] *See United States v. Andrews*, 75 F.3d 552, 554-55 (9th Cir. 1996). Ivan was found guilty of one count of second-degree murder for the murder of Lowery, one count of aiding and abetting in second degree murder for the murder of Williams, two counts of aiding and abetting attempted voluntary manslaughter, and all four § 924(c) charges. On appeal, the Ninth Circuit affirmed Paula Andrews' convictions. However, after concluding that there was "no evidence that Ivan knowingly and intentionally aided, counselled, commanded, induced, or procured Paula to shoot the people in the car," *id*. at 555, the Court of Appeals reversed Ivan's three aiding and abetting convictions and the § 924(c) convictions that relied thereon. Andrews now moves to vacate her four § 924(c) convictions.

**II. Legal Standards**

Pursuant to 28 U.S.C. § 2255, a federal inmate may move to vacate, set aside, or correct her sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255(a).[2]

---

[1] The law of the case precludes Andrews' contention that any of her convictions - save for the murder of Lowery - was under an aiding and abetting theory.

[2] The government does not argue that Andrews' motion is untimely or that cases on which she relies are not retroactive.

2

Following a number of recent Supreme Court decisions, Andrews argues that her § 924(c) convictions are no longer valid. Section 924(c) criminalizes the use of a firearm during and in relation to a crime of violence. The statute defines "crime of violence" as

> an offense that is a felony and — (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In 2019, the Supreme Court held that subsection (B) – otherwise referred to as the residual clause – was unconstitutionally vague. *United States v. Davis*, 588 U.S. 445 (2019). Thus, to qualify as a crime of violence now, a crime must meet the definition set forth in subsection (A), referred to as the elements clause. In determining whether a crime meets the definition set forth in the elements clause, courts apply the categorical approach of *Taylor v. United States*, 495 U.S. 575, 598–600 (1990). Under this approach, "'the facts of a given case are irrelevant,' and [the court focuses] instead on 'whether the elements of the statute of conviction meet the federal standard.'" *United States v. Draper*, 84 F.4th 797, 802 (9th Cir. 2023). "The question . . . is thus whether a conviction . . . necessarily 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *United States v. Buck*, 23 F.4th 919, 924 (9th Cir. 2022) "If any—even the least culpable—of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal

3

standard." *See id.* (citing *Borden v. United States*, 593 U.S. 420 (2021))

In 2021, the Supreme Court in *Borden* "held that a statute defining 'crime of violence' like § 924(c) does not apply to offenses that punish ordinary recklessness." *Draper*, 84 F.4th at 802 (citing *Borden*, 593 U.S. 420). While *Borden* did not decide whether a crime committed with a mens rea of extreme recklessness might nevertheless qualify as a crime of a violence, the Ninth Circuit in 2022 concluded that it does, when it found second-degree murder to be categorically a crime of violence under § 924(c). *United States v. Begay*, 33 F.4th 1081, 1093-95 (9th Cir. 2022) (en banc), *cert. denied,* – U.S. –, 143 S. Ct. 340 (2022).

**III. Analysis**

Andrews argues that second-degree murder, aiding and abetting second-degree murder, and attempted voluntary manslaughter do not categorically qualify as crimes of violence under § 924(c), and so her § 924(c) convictions -- Counts Five, Six, Seven and Eight -- must therefore be vacated.

Andrews' arguments with respect to her convictions predicated on second-degree murder and aiding and abetting second-degree murder are directly foreclosed by binding Ninth Circuit law. As noted above, the Ninth Circuit has held that a "conviction for second-degree murder pursuant to § 1111(a) constitutes a crime of violence" for purposes of § 924(c). *Begay*, 33 F.4th at 1093. Further, the Ninth Circuit has held that "aiding and abetting a crime of violence . . . is also a crime of violence." *United States v. Eckford*, 77 F.4th 1228, 1236 (9th Cir.), *cert. denied*, 144 S. Ct. 521 (2023) (quoting *Young v. United States*, 22 F.4th 1115,

4

1123 (9th Cir. 2022)). Thus, as Andrews' Count Five and Count Six convictions, based on aiding and abetting second-degree murder and second-degree murder, are validly predicated on qualifying crimes of violence, her motion to vacate Counts Five and Six must be denied.

The court concludes that Andrews' arguments regarding her attempted voluntary manslaughter convictions should also be denied. Voluntary manslaughter in violation of 18 U.S.C. § 1112(a) – the lesser included offense of which Andrews was convicted – is "the unlawful killing of a human being without malice . . . [u]pon a sudden quarrel or heat of passion." The Ninth Circuit has held that this is a crime of violence for purposes of § 924(c). *See United States v. Draper*, 84 F.4th 797, 800, 803-06 (9th Cir. 2023). The Ninth Circuit has also held, in *Dorsey v. United States*, that attempted killing is a crime of violence. 76 F.4th 1277, 1282-84 (9th Cir. 2023). While *Dorsey* involved a different statute, its rationale is also applicable here.

Attempt to kill requires showing that the defendant did something that was a substantial step toward killing another and that the defendant acted with the requisite intent. *United States v. Snell*, 627 F.2d 186, 187 (9th Cir. 1980); *see also Dorsey*, 76 F.4th at 1283-84. As noted in *Dorsey*, the substantial step toward killing need not itself be violent. "Even if the defendant took only a slight, nonviolent act with the intent to cause another's death, that act would pose a threat of violent force sufficient to satisfy the definition of a crime of violence." *Id.* at 1283 (internal punctuation omitted) (citing *United States v. Studhorse*, 883 F.3d 1198, 1206 (9th Cir. 2018)).

5

In her reply, Andrews argues that following *United States v. Taylor*, 596 U.S. 845 (2022), an attempt to commit a crime of violence is not necessarily a crime of violence itself. She also argues that the jury in this case was not instructed on attempted voluntary manslaughter and was not required to find a substantial step toward killing that involved the use of force.

Contrary to Andrews' assertions, *Taylor* has no bearing on this case. In *Taylor*, the Supreme Court held that an attempt to commit Hobbs Act robbery is not a crime of violence because it can be committed through an attempt to threaten use of force, which is overbroad of the elements clause in § 924(c). But attempted killing cannot be committed by an attempt to threaten use of force; instead, it requires an attempt to use force. *See Alvarado-Linares v. United States*, 44 F.4th 1334, 1346-47 (11th Cir. 2022) (cited with approval in *Dorsey*, 76 F.4th at 1284) ("[T]he completed crime of murder always requires the use of physical force 'because it is impossible to cause death without applying force that is capable of causing pain or physical injury.' . . . . '[W]here a crime of violence requires the use of physical force ... the corresponding attempt to commit that crime necessarily involves the attempted use of force.'"); *see also Dorsey*, 76 F.4th at 1283-84 ("We join our sister circuits in concluding that *Taylor* does not require us to reconsider our precedent holding that attempted killing is a crime of violence.").

And Andrews' arguments regarding the jury instructions are likewise not persuasive. The instructions, considered as a whole, properly instructed the jury on the elements of attempted voluntary manslaughter. Jury Instruction No. 21 instructed the jury on

6

voluntary manslaughter as a lesser-included offense of the charged crime, first-degree murder. (ECF No. 72 at 30). Jury Instructions 13 and 14 instructed the jury on attempted murder, which would necessarily apply to any lesser-included offenses, and required finding both a substantial step toward committing the crime and that Andrews acted at least recklessly with extreme disregard for human life. (ECF No. 72 at 19-20). These instructions together provided the necessary legal framework for evaluating whether Andrews was guilty of attempted voluntary manslaughter. Finally, as noted above, the court in *Dorsey* made clear that the substantial step toward killing need not itself be violent for the attempt to qualify as a crime of violence.

Accordingly, the court concludes that under the relevant case law, federal attempted voluntary manslaughter is categorically a crime of violence. Andrews' motion to vacate her convictions under Counts Seven and Eight will be denied.

## IV. Certificate of Appealability

In order to proceed with an appeal, Andrews must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a defendant must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Allen*, 435 F.3d at 951; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Allen*, 435 F.3d at 951 (quoting *Slack*,

529 U.S. at 484). In order to meet this threshold inquiry, Andrews has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

The court has considered the issues raised by Andrews, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. Accordingly, Andrews will be denied a certificate of appealability.

**V. Conclusion**

In accordance with the foregoing, IT IS THEREFORE ORDERED that Andrews' motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 214 & 217) is DENIED. Andrews is further DENIED a certificate of appealability.

The Clerk of Court shall enter final judgment accordingly.

IT IS SO ORDERED.

DATED: This 3rd day of July, 2024.

_____
UNITED STATES DISTRICT JUDGE